IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM INDELICATO, on behalf of himself and others similarly situated,<br><br>                      Plaintiffs,<br>v.<br><br>LIBERTY TRANSPORTATION, INC.,<br><br>                      Defendant. | CIVIL ACTION<br><br>ELECTRONICALLY FILED ON FEBRUARY 16, 2018<br><br>JURY TRIAL DEMANDED |

## COMPLAINT-CLASS/COLLECTIVE ACTION

William Indelicato ("Plaintiff") brings this class/collective action lawsuit against Liberty Transportation, Inc. ("Defendant"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et. seq., and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 160, et seq.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has subject matter jurisdiction over the NYLL claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff is an individual residing in Cheektowaga, NY (Erie County).

5. Defendant is a corporate entity headquartered in Greensburg, PA and conducting business in this judicial district.

1

6. Defendant is engaged in commerce and, furthermore, employs individuals engaged in the production of goods for commerce and/or handling, selling, or working on goods or materials that have been moved in or produced in commerce. As such, Defendant is covered by the FLSA.

## FACTS

7. Defendant owns and operates a trucking and delivery company that delivers goods to customers throughout the United States.

8. Plaintiff works for Defendant as a driver. Like other drivers, Plaintiff signed a standardized "Contractor Agreement" that purports to make him a non-employee "Independent Contractor." However, in determining employment status under the FLSA and NYLL, the mere "label[ing] of workers as independent contractors is not controlling." Brock v. Superior Care, Inc., 840 F.2d 1054, 1059 (2d Cir. 1988);[1] cf Liberty Transportation, Inc. v Unemployment Compensation Board of Review, 2016 Pa. Commw. Unpub. LEXIS 877 (Pa. Commw. Dec. 22, 2016) (purported "independent contractor" working for Defendant deemed employee under Pennsylvania unemployment law).

9. Defendant closely monitors the work of Plaintiff and other drivers. For example, according to Defendant's website: "Our equipment is monitored by satellite, so we know where all of our trailers are located throughout the US within 50 yards . . . ." http://libertytran.com/full-truck-load-services/ (as of February 13, 2018).

---

[1] See also Rutherford Food Corp. v. McComb, 331 U.S. 722, 729 (1947) ("Where the work done, in its essence, follows the usual path of an employee, putting on an 'independent contractor' label does not take the worker from the protection of the [FLSA]."); Sandrino v. Michaelson Assocs., LLC, 2012 U.S. Dist. LEXIS 165143, *26 (S.D.N.Y. Nov. 19, 2012("The test for whether a person is deemed to be an independent contractor for purposes of New York Labor Law does not depend, however, on what the person has labeled themselves.").

10. Plaintiff and other drivers who lease their trucks from Defendant's affiliate (Landmark Leasing, Inc., which shares a common ownership and headquarters with Defendant) must obtain Defendant's approval in order to use their truck on behalf of companies other than Defendant.

11. Plaintiff and other drivers are not required to have any special skills beyond those required of any commercial truck driver.

12. Plaintiff and other drivers generally work for Defendant on a long-term basis. For example, Plaintiff has worked for Defendant since approximately March of 2017.

13. The services performed by Plaintiff and other drivers – driving and delivering goods to customers – are integral to Defendant's business. Indeed, Defendant's business could not exist in the absence of drivers.

14. Plaintiff and other drivers are paid by Defendant every two weeks.

15. Defendant makes substantial deductions from the paychecks of Plaintiff and other drivers. These deductions are for the sole benefit of Defendant and include items such as insurance, vehicle lease payments, vehicle maintenance payments, fuel, on board recording device (which the Defendant uses to track the every move of its drivers), occupational accidental insurance (workers' compensation insurance), and other miscellaneous expenses.

16. These deductions can be so significant that they sometimes result in Plaintiff and other drivers being paid an hourly wage that falls below the minimum wage required by the FLSA ($7.25 during all relevant times) and the NYLL (ranging from $7.25 to $15.00 during the relevant six-year period and depending on work location). For example, during the two-week period ending on February 3, 2018, Defendant subjected Plaintiff to the following deductions: $1,868.45 for fuel; $343.82 for insurance; $728.04 for the truck lease; $260.59 for vehicle

3

maintenance; $17.00 for the on board recording device lease fee; and $76.00 for workers' compensation insurance. In the wake of these deductions, Plaintiff was left with only $358.46 in pay for a two-week period in which he worked approximately 70 hours.

## CLASS/COLLECTIVE ALLEGATIONS

17. Plaintiff brings his FLSA claims on behalf of a collective consisting of all United States residents who, during any time within the past three years, worked for Defendant as drivers and purportedly worked as non-employee contractors.

18. Plaintiff brings his NYLL claim on behalf of a class collective consisting of all New York residents who, during any time within the past six years, worked for Defendant as drivers and purportedly worked as non-employee contractors.

19. Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and other drivers, having worked pursuant to the common pay policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

20. Class action treatment of Plaintiff's NYLL claim is appropriate because all of Federal Rule of Civil Procedure 23's class action requisites are satisfied. In particular:

    (a). The class, upon information and belief, includes over 40 individuals, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

    (b). Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

4

(c).    Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

(d).    Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common business policies, as described herein. The legality of these practices will be determined through the application of generally applicable legal principles to common facts.

(e).    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I – FLSA – FAILURE TO PAY MINIMUM WAGE

21.    All previous paragraphs are incorporated as though fully set forth herein.

22.    The FLSA entitles employees to a minimum wage of $7.25 per hour. See 29 U.S.C. § 206(a)(1)(C).

23.    Defendant is an employer required to comply with the FLSA, and Plaintiff and other collective members are employees entitled to the law's protection.

24.    During some weeks, Defendant willfully violated the FLSA's minimum wage mandate by paying Plaintiff and other collective members post-deduction compensation of under $7.25/hour.

## COUNT II – NYLL – FAILURE TO PAY MINIMUM WAGE

25.    All previous paragraphs are incorporated as though fully set forth herein.

26. During the past six years, the NYLL has entitled employees to a minimum wage ranging from $7.25/hour to $15.00/hour depending on the time period and work location. See N.Y. Lab. Law § 652.

27. Defendant is an employer required to comply with the NYLL, and Plaintiff and other class members are employees entitled to the law's protections.

28. During some weeks, Defendant willfully violated the NYLL's minimum wage mandate by paying Plaintiff and other class members' post-deduction compensation falling below the required minimum wage.

## COUNT III – NYLL – ILLEGAL WAGE DEDUCTIONS

29. All previous paragraphs are incorporated as though fully set forth herein.

30. The NYLL generally prohibits employers from subjecting employees to pay deductions that are not "for the benefit of the employee." N.Y. Lab. Law § 193(1)(b). Moreover, such deductions, must be authorized by the employee, and the authorization must be "voluntary and only given following receipt by the employee of written notice of all terms and conditions of the payment and/or its benefits and the details of the manner in which deductions will be made." Id.

31. Defendant is an employer required to comply with the NYLL, and Plaintiff and other class members are employees entitled to the law's protections.

32. Defendant violated the NYLL by making pay deductions that are not for the benefit of Plaintiff or other class members and, furthermore, have not been authorized by the appropriate written notice.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

    a.    payment of all unpaid minimum wages;

    b.    the reimbursement of all pay deductions;

    c.    liquidated damages and/or penalties available under the FLSA and/or NYLL;

    d.    prejudgment interest;

    e.    such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date: February 16, 2018

Respectfully,

Samuel Alba
Friedman & Ranzenhofer, P.C.
74 Main Street, P.O. Box 31
Akron, NY 14001
(716) 542-5444

Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Harold L. Lichten (*pro hac vice* admission anticipated)
Matthew Thompson (*pro hac vice* admission anticipated)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800

*Plaintiff's Counsel*